IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACORDA THERAPEUTICS, INC. and ALKERMES PHARMA IRELAND LIMITED,<br><br>        Plaintiffs,<br><br>        v.<br><br>ACTAVIS LABORATORIES FL, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. _____<br>)<br>)<br>)<br>) |

## COMPLAINT

Acorda Therapeutics, Inc. ("Acorda") and Alkermes Pharma Ireland Limited ("Alkermes" and together with Acorda, "Plaintiffs"), for their Complaint against Actavis Laboratories FL, Inc., ("Actavis"), allege as follows:

## NATURE OF THE ACTION

1. This is an action by Plaintiffs against Actavis for patent infringement of United States Patent No. 5,540,938 (the "'938 patent").

2. This action arises out of Actavis's filing of Abbreviated New Drug Application ("ANDA") No. 206836 seeking approval by the United States Food and Drug Administration ("FDA") to sell generic copies of Acorda's flagship drug product Ampyra® prior to the expiration of the '938 patent.

## STATEMENT OF RELATED CASE

3. Acorda holds approved New Drug Application ("NDA") No. 022250, for the use of 10 mg dalfampridine extended release tablets (Ampyra®). There are five patents listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") with respect to Ampyra®, including the '938 patent. Actavis had

previously submitted to the FDA "Paragraph IV" certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to four of the five Ampyra Orange Book listed patents, but not the '938 patent. Acorda sued Actavis on July 7, 2014 in this District alleging infringement of those four Orange Book listed Ampyra patents. Complaint, *Acorda Therapeutics, Inc. v. Actavis Labs. Fl, Inc.*, 1:14-cv-00882-LPS (D. Del. July 7, 2014) (Doc. 1) (the "First Acorda-Actavis Action"). Actavis Laboratories FL, Inc. consented to jurisdiction in Delaware (Stipulation and Order at 3, 1:14-cv-00882-LPS (D. Del. July 25, 2014) (Doc. 12)) and filed an answer and counterclaims. Answer, Affirmative Defenses, and Countercls., 1:14-cv-00882-LPS (D. Del. Aug. 22, 2014) (Doc. 14). Subsequently, Actavis sent Plaintiffs a letter dated January 12, 2015, stating that Actavis had filed a paragraph IV certification with respect to the '938 patent, which is the subject of this Complaint. This case involves the same parties, the same NDA, and the same ANDA that is the basis for the First Acorda-Actavis Action.

## THE PARTIES

4.  Acorda is a corporation organized under the laws of the State of Delaware and has its principal place of business located at 420 Saw Mill River Road, Ardsley, New York 10502. Acorda is engaged in the research, development, and sale of biotech and pharmaceutical products. Acorda invests extensively in designing and developing new and innovative therapies to restore neurological function and improve the lives of people with multiple sclerosis ("MS"), spinal cord injuries and other disorders of the nervous system. Ampyra® is the only treatment shown to improve walking in people with MS, which was demonstrated by an increase in walking speed.

5.  Alkermes is an Irish corporation (company number 448848) having a principal place of business at Connaught House, 1 Burlington Road, Dublin 4, Ireland.

6. Alkermes is the assignee of the '938 patent. Acorda is the exclusive licensee in the U.S. to package, use, import, export, promote, distribute, offer for sale, sell and otherwise exploit the '938 patent for oral prescription medicine for the treatment of MS in humans. Acorda also has the right to initiate and prosecute legal action for infringement by a third-party of the '938 patent.

7. On information and belief, defendant Actavis Laboratories FL, Inc. is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054. On information and belief, Actavis Laboratories FL, Inc. is a wholly-owned subsidiary of Actavis, Inc.

8. On information and belief, defendant Actavis Laboratories FL, Inc. is in the business of manufacturing, marketing, importing, preparing, and selling generic pharmaceuticals that it distributes in the State of Delaware and throughout the United States.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. Based on the facts and causes alleged herein, this Court has personal jurisdiction over the Actavis.

11. Actavis has consented to jurisdiction and submitted counterclaims in the related, First Acorda-Actavis Action.

12. In addition, this Court has personal jurisdiction over Actavis by virtue of the fact that, *inter alia*, it has committed the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Acorda, a Delaware corporation.

13. This Court has personal jurisdiction over the Actavis by virtue of its systematic and continuous contacts with the State of Delaware. On information and belief, Actavis is in the business of manufacturing, marketing, importing, preparing, and selling generic pharmaceuticals that it distributes in the State of Delaware and throughout the United States.

14. If ANDA No. 206836 is approved, the dalfampridine extended release tablets described in Actavis's ANDA No. 206836 ("Actavis Generic Tablets") will, among other things, be marketed and distributed in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which will have a substantial effect on Delaware. Actavis knows and intend that Actavis Generic Tablets will be distributed and sold in the United States, including in Delaware.

15. In addition, Actavis has previously submitted to the jurisdiction of this Court and have further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g.*, *Forest Laboratories, Inc. et al. v. Apotex Corp. and Watson Laboratories, Inc. – Florida et al.*, No. 1:14-cv-00200-LPS (D. Del. Apr. 22, 2014) (Doc. 22 at ¶ 13) (consenting to jurisdiction) and Notice of Name Change, No. 1:14-cv-00200-LPS (D. Del. June 6, 2014) (Doc. 48) (stating that Watson Laboratories, Inc. – Florida changed its name to Actavis Laboratories FL, Inc. on April 21, 2014; *Tris Pharma Inc. v. Actavis Laboratories FL Inc.*, No. 1:14-cv-01309-GMS (Doc. 16 at ¶ 15); *Daravita Limited v. Actavis Laboratories FL, Inc.*, 1:14-cv-01118-GMS (Doc. 14 at ¶ 10); *Duchesnay Inc. et al v. Actavis Inc. et al.*, 1:14-cv-00912-SLR-SRF (Doc. 9 at ¶ 19); *Cephalon Inc. v. Actavis Laboratories FL Inc. et al.*, 1:14-cv-00776-SLR-SRF (Doc. 16 at ¶ 20).

16. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

**The '938 Patent**

17. On July 30, 1996, the United States Patent and Trademark Office ("USPTO") issued the '938 patent, titled "Formulations and Their Use in the Treatment of Neurological Diseases." The '938 patent is duly and legally assigned to Alkermes. Acorda is the exclusive licensee in the U.S. to package, use, import, export, promote, distribute, offer for sale, sell and otherwise exploit the '938 patent for oral prescription medicine for the treatment of MS in humans. Acorda also has the right to initiate and prosecute legal action for infringement by a third-party of the '938 patent. A copy of the '938 patent is attached hereto as Exhibit A.

**Orange Book Listing for Ampyra®**

18. Acorda holds an approved NDA, No. 022250, for the use of 10 mg dalfampridine extended release tablets to improve walking in patients with multiple sclerosis, which Acorda sells under the registered name Ampyra®.

19. The use of Ampyra® to improve walking in patients with MS is covered by the '938 patent.

20. Pursuant to 21 U.S.C. § 355(b)(1) and the regulations the FDA has promulgated pursuant thereto, the '938 patent is listed in the Orange Book for improvement of walking in patients with MS.

21. The Orange Book lists the expiration date for the '938 patent as July 30, 2018.

**Actavis's ANDA**

22. By letter dated January 12, 2015 (the "Actavis Notice Letter"), Actavis notified Plaintiffs that it had filed ANDA No. 206836 with the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act ("FDCA") to market and sell Actavis Generic Tablets -- generic

copies of Ampyra® (10 mg dalfampridine extended release tablets) -- to improve walking in patients with MS, prior to the expiration of the '938 patent.

23. The Actavis Notice Letter states that ANDA No. 206836 contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '938 patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of the drug products described in Actavis's ANDA."

24. The Actavis Notice Letter also states that ANDA No. 206836 was submitted to the FDA and contains a Paragraph IV certification "to obtain approval to engage in commercial manufacture, use or sale [of Actavis Generic Tablets] before the expiration of the '938 patent."

25. Upon information and belief, Actavis will distribute the Actavis Generic Tablets in the United States.

## COUNT I
**(Infringement of the '938 Patent)**

26. The allegations of paragraphs 1-25 above are repeated and re-alleged as if set forth fully herein.

27. Pursuant to 35 U.S.C. § 271(e)(2)(A), Actavis's filing of ANDA No. 206836 seeking approval to market Actavis Generic Tablets is an act of infringement of one or more claims of the '938 patent entitling Plaintiffs to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 206836 be a date which is not earlier than the expiration date of the '938 patent.

28. Actavis had knowledge of the '938 patent when it submitted ANDA No. 206836 to the FDA.

29. Upon information and belief, Actavis intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Actavis Generic Tablets with the proposed labeling.

6

The use of Actavis Generic Tablets in accordance with and as directed by Actavis's proposed labeling would infringe one or more claims of the '938 patent.

30. Upon information and belief, Actavis intends to actively induce infringement of one or more claims of the '938 patent.

31. Upon information and belief, Actavis knows that Actavis Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '938 patent and that the Actavis Generic Tablets and the proposed labeling are not suitable for any substantial noninfringing use.

32. Upon information and belief, Actavis intends to contribute to the infringement of one or more claims of the '938 patent.

33. The foregoing actions by Actavis constitute and/or would constitute infringement of one or more claims of the '938 patent, active inducement of infringement of one or more claims of the '938 patent, and/or contribution to the infringement by others of one or more claims of the '938 patent.

34. Plaintiffs will be substantially and irreparably harmed if Actavis is not enjoined from infringing the '938 patent. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests the following relief:

A. A judgment that Actavis's submission of ANDA No. 206836 was an act of infringement and that Actavis's making, using, offering to sell, selling or importing Actavis Generic Tablets prior to the expiration of the '938 patent will infringe, actively induce infringement and/or contribute to the infringement of the '938 patent;

B. A judgment that the effective date of any FDA approval for Actavis to make, use offer for sale, sell, market, distribute, or import the Actavis Generic Tablets be no

earlier than the dates on which the '938 patent expire, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

    C. A permanent injunction enjoining Actavis, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from making using, selling, offering for sale, marketing, distributing, or importing the Actavis Generic Tablets prior to the expiration of the '938 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

    D. A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to an award of its reasonable attorneys' fees for bringing and prosecuting this action;

    E. An award of Plaintiffs costs and expenses in this action;

    F. Such further and additional relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

OF COUNSEL:

*Attorneys for Plaintiffs*

Aaron Stiefel
Daniel P. DiNapoli
Benjamin C. Hsing
Soumitra Deka
Jeffrey Martin
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000


Sylvia M. Becker
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
(202) 683-3500

Anthony Michael
ACORDA THERAPEUTICS, INC.
420 Saw Mill River Road
Ardsley, NY 10502
(914) 326-6825

January 23, 2015